[No. 24993. Department One. August 14, 1934.]

N. L. LARSON *et al., Respondents,* v. FIDELITY SAVINGS & LOAN ASSOCIATION, *Appellant.*[1]

*Post, Russell, Davis & Paine,* for appellant.

*Nuzum & Nuzum* and *H. E. T. Herman,* for respondents.

*Grinstead, Laube & Laughlin* and *J. T. S. Lyle, amici curiae.*

MILLARD, J.—-Defendant is a savings and loan association organized in 1907 under the laws of this state, and located in the city of Spokane. Before the enactment (Ch. 183, Laws of 1933, p. 711, Rem. 1933 Sup., § 3717-1 *et seq.*) approved March 20, 1933, each withdrawing member of such association was entitled to the dividends credited to the same class of shares until the final payment of his shares was made.

[1]Reported in 35 P. (2d) 108.

"After filing the notice of withdrawal provided herein, the withdrawing member shall be entitled to the dividends credited to the same class of shares, until the final payment of his shares is made; and membership in the association shall remain unimpaired so long as any accumulation remains to his credit . . ." Rem. Rev. Stat., § 3731.

Chapter 183, Laws of 1933, p. 711, known as the "Savings and Loan Association Act," repealed the foregoing. The provision of the 1933 enactment providing that, after a member has filed notice of withdrawal, such member shall not be entitled to receive any dividends on his shares for which notice of withdrawal is given, reads as follows:

"If upon presentation of notice for withdrawal, full withdrawal value thereof is not paid, it shall be the duty of the association to enter upon each notice for withdrawal presented its number in sequence and date of presentation and to file the same in the records of the association, and after filing such notice a member shall not be entitled to receive any dividends on his shares for which notice of withdrawal is given; *Provided*, A member having filed notice of withdrawal may cancel the same by notice thereof in writing filed with the association, upon the filing of which his right to dividends accruing thereafter on such shares shall be unimpaired. . . ." Rem. 1933 Sup., § 3717-29.

Plaintiffs are members of defendant association and hold shares therein acquired prior to the enactment of March 20, 1933 (Ch. 183, Laws of 1933, p. 711). Before that date, all of the plaintiffs had regularly filed with defendant association written notices of withdrawal of their shares and, therefore, were entitled to, and the association was obligated to pay, "the dividends credited to the same class of shares, until the final payment" of each plaintiff's shares was made, the membership of each plaintiff in the association remaining

unimpaired so long as any accumulation remained to her or his credit.

From January 1, 1933, to June 30, 1933, the association earned a dividend at the rate of three per centum per annum. In July, 1933, the directors of defendant association declared such dividend, but only allowed it as to members who had given notice of withdrawal prior to March 20, 1933, for the period from January 1, 1933, to March 20, 1933. An action was instituted by plaintiffs to recover dividends on their shares to June 30, 1933. Trial of the cause to the court resulted in findings of fact in favor of the plaintiffs. From the judgment rendered in accordance therewith, the defendant has appealed.

Counsel for appellant contend that the legislature had a right to amend from time to time the laws relating to savings and loan associations so as to affect all members alike, including those who had, prior to the amendment, given notice of withdrawal, and that the effect of the 1933 enactment was to take away the right the withdrawing member had, prior thereto, enjoyed of participating in dividends. Authority is cited to the effect that each purchaser of shares in a savings and loan association purchased with notice of the law that he or she had a right of withdrawal from the association, and was entitled to payment only in the manner fixed by the legislature; that there was reserved to the legislature the right and power to further legislate, and that the shareholder's rights, not being vested, would not be violated by giving to the 1933 statute a retrospective construction.

Filing a brief as friends of the court, counsel for the savings and loan associations of the state insist that the right to receive dividends on shares on notice under the savings and loan association act prior to March 20,

1933, was not preserved by the 1933 enactment. The discussion respecting the origin and nature of savings and loan associations, the power of the legislature to amend or repeal savings and loan association statutes, the grave economic crisis necessitating the enactment of chapter 183, Laws of 1933, p. 711, and other emergency relief measures, and the retrospective effect of the 1933 savings and loan association act, is interesting and able.

It is the position of the respondents that the questions whether their right to dividends is a vested right and whether the legislature had the power to change the law, are academic. Respondents proceeded in the trial court on the theory, and insist on appeal, that, under the provisions of the statute (Rem. Rev. Stat., § 3731) antedating the 1933 savings and loan association act (Ch. 183, Laws of 1933, p. 711), those who gave notice of withdrawal were entitled to receive, and to such members the association was obligated to pay, dividends until the final payment was made; that the rights of withdrawing members under the prior act are preserved by the 1933 act, and may be enforced to the same extent and in the same manner as if the 1933 statute had not been enacted.

The answer is found in chapter 183, Laws of 1933, p. 711. That statute is plain and unambiguous and, read as a whole, its provisions are susceptible only of the one interpretation. The wisdom or policy of the law can not be taken into consideration by us in construing the statute. Our duty is to enforce the law as we find it.

Until the enactment of 1933 became effective, the statute provided that, after filing the required notice of withdrawal,

". . . the withdrawing member shall be entitled to the dividends credited to the same class of shares,

until the final payment of his shares is made." Rem. Rev. Stat., § 3731.

The 1933 act specifically repealed Rem. Rev. Stat., § 3731, and in lieu thereof provided that, after filing notice of withdrawal,

". . . a member shall not be entitled to receive any dividends on his shares for which notice of withdrawal is given; *Provided,* A member having filed notice of withdrawal may cancel the same by notice thereof in writing filed with the association, upon the filing of which his *right* to dividends accruing thereafter on such shares shall be unimpaired." (Italics ours.) Rem. 1933 Sup., § 3717-29.

Under the statute prior to the 1933 enactment, respondents were "entitled to the dividends," or they were given a right or title to the dividends, or they were authorized to receive or acquire the dividends. That is, by notice of withdrawal, the withdrawing member became entitled to receive, and the association was obligated to pay, dividends to such withdrawing member until final payment was made.

By §§ 100 and 112 of chapter 183, Laws of 1933, pp. 754, 758 (Rem. 1933 Sup., §§ 3717-100 and 3717-112), the rights acquired by withdrawing members were preserved. The saving clauses provide that *existing obligations may be enforced to the same extent and in the same manner* "as if this act had not been enacted," and that the repeal of §§ 3716 to 3748, inclusive, shall not be construed to affect any existing rights acquired under the provisions of the repealed sections.

"The powers, rights, duties, privileges and obligations of every association heretofore organized and now doing business in this state as a savings and loan association, shall be governed, controlled, construed, extended, limited and determined by the provisions of this act to the same extent and effect as if such association had been incorporated hereunder. The articles

of association, by-laws and rules of every association are hereby modified, altered and amended to conform to the provisions of this act; existing contracts and obligations and renewals thereof are not impaired hereby and may be enforced to the same extent and in the same manner as if this act had not been enacted; all acts of an existing association heretofore performed, which are permitted under this act, are hereby ratified.'' Rem. 1933 Sup., § 3717-100.

''If any section, provision or part of this act shall be adjudged to be invalid or unconstitutional, such adjudication shall not affect the validity of the act as a whole, or of any section, provision or part thereof not adjudged to be invalid or unconstitutional.

''Sections 3716 to 3748 inclusive, be and they are hereby repealed.

''Such repeal shall not be construed to affect any existing rights acquired or any liability, either civil or criminal, incurred or the validity of any act done or proceeding had under the provisions of said acts or actions.

''All things required by said acts or sections to be done within any specified time, which time has begun to run at the time of the taking effect of this act, shall be done within such specified time.

''Such repeal shall not operate to revive any acts or sections repealed thereby.

''This act is necessary for the immediate support of the state government and its existing public institutions and shall take effect immediately.'' Rem. 1933 Sup., § 3717-112.

Citation of sustaining authority is not necessary. The very purpose of the saving clause in the 1933 act is clearly expressed. It was intended, and the language plainly says, that the rights acquired under the act repealed by the 1933 statute are preserved. It follows that the judgment should be, and it is, affirmed.

MAIN, MITCHELL, and STEINERT, JJ., concur.

TOLMAN, J., dissents.